1  Paul White (State Bar No. 146989)
       Paul.White@wilsonelser.com
2  Jeff Burt (State Bar No. 125033)
       jeff.burt@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
       **EDELMAN & DICKER LLP**
4  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
5  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
6
   Attorneys for Defendant
7  HARTFORD FINANCIAL SERVICES GROUP, INC.

8
                **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
10

11 | RIFM Properties, LLC | ) | Case No.: |
12 | Plaintiff, | ) | **DECLARATION OF JEFFREY BURT** |

RIFM Properties, LLC                    ) Case No.:
                                        )
                          Plaintiff,    ) **DECLARATION OF JEFFREY BURT**
                                        ) **IN SUPPORT OF HARTFORD**
v.                                      ) **FINANCIAL SERVICES GROUP**
                                        ) **INC.'S NOTICE OF REMOVAL OF**
HARTFORD FINANCIAL                      ) **ACTION UNDER 28 U.S.C. § 1441**
SERVICES GROUP, INC.;                   )
BENVENISTE & FRANCKE                    ) *[Filed concurrently with Notice of*
INSURANCE SERVICES; DANIEL              ) *Removal, Certification of Interested*
FRANCKE, a/k/a DAN FRANCKE,             ) *Parties and Corporate Disclosure*
AN INDIVIDUAL; AND DOES 1-5,            ) *Statement, and Civil Case Cover Sheet]*
                                        )
                                        ) State Case No.: 21STCV37002
Defendants.                             ) State Complaint Filed: October 6, 2021
                                        ) State Trial Date: None set
                                        )
                                        )
                                        )
                                        )
                                        )
_____        )

                **DECLARATION OF JEFFREY BURT**

       I, Jeffrey Burt, hereby declare as follows:

       1.    I am an attorney admitted to practice in the State of California. I am a
member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP,
counsel of record for Defendant Hartford Financial Services Group, Inc.
(hereinafter "Hartford"). Unless otherwise noted, the following is based on my

personal knowledge. If called as a witness, I could and would competently testify to the facts contained herein. I submit this declaration support of Defendant's Notice of Removal of Civil Action.

2.      Defendant Hartford was served in this action on November 5, 2021. A true and correct copy of the proof of service upon Hartford is attached hereto as "Hartford Exhibit A".  True and correct copies of Plaintiffs' Complaint in this action, filed on October 6, 2021, along with the Summons and Civil Case Cover Sheet are attached hereto as "Hartford Exhibit B".

3.      The Hartford Financial Services Group, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Connecticut. A true and correct copy of the Delaware "Division of Corporations-Filing" web page demonstrating Hartford's status as a Delaware Corporation is attached hereto as "Hartford Exhibit C."

4.      Defendants Benveniste & Francke Insurance Services and Daniel Francke   ("Brokers") are the insurance brokers for the insured, US Home Pros Inc., and are not brokers for Plaintiff.  This is confirmed by the Certificate of Insurance attached as the Complaint's "Exhibit A" herein. This Certificate which indicates that the Certificate was issued by Benveniste & Francke Insurance Services to Insured US Home Pros, with Plaintiff RIFM listed as only a Certificate Holder.  A more legible copy of the Complaint's "Exhibit A" Certificate of Insurance is attached hereto as "Hartford Exhibit D".

5.      Navigators Specialty Insurance Company is incorporated in the State of New York and has its principal place of business in the State of Connecticut.

6.      To the best of my knowledge, the Complaint contained in Hartford Exhibit A,  and the other related documents contained in Hartford Exhibit A and Hartford Exhibit B to this declaration constitute all process, pleadings, orders, and other documents received or filed by Hartford or Navigators to date in this action.

DECLARATION OF JEFFREY BURT IIN SUPPORT OF REMOVAL
263764209v.1

7.      Our office is not aware of any Doe defendant having been served a copy of the Summons and Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 6th day of December, 2021 at Los Angeles, California.


_/s/ Jeffrey Burt_
Jeffrey Burt

DECLARATION OF JEFFREY BURT IIN SUPPORT OF REMOVAL

263764209v.1

# HARTFORD

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/05/2021
CT Log Number 540542020

TO: Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

RE: **Process Served in California**

FOR: The Hartford  (Cross Ref Name)  (Domestic State: CT)
Hartford Fire Insurance Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RIFM Properties, LLC vs. Hartford Financial Services Group, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 21STCV37002 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/05/2021 at 02:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | DAVID W. QUINTO<br>3007 Franklin Canyon Dr.<br>Beverly Hills, CA 90210<br>213-604-1777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/05/2021, Expected Purge Date: 11/10/2021<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **REGISTERED AGENT ADDRESS:** | Amanda Garcia<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
11/05/2021
CT Log Number 540542020

**TO:**   Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**   **Process Served in California**

**FOR:**   The Hartford  (Cross Ref Name)  (Domestic State: CT)
Hartford Fire Insurance Company (True Name)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Nov 5, 2021

**Server Name:**             DROP SERVICE

| Entity Served | HARTFORD FINANCIAL SERVICES GROUP INC |
|---|---|
| Case Number | 21STCV37002 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 10/21/2021 10:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk
21STCV37002

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARTFORD FINANCIAL SERVICES GROUP, INC.; BENVENISTE & FRANCKE INSURANCE SERVICES; DANIEL FRANCKE, a/k/a DAN FRANCKE, AN INDIVIDUAL, AND DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RIFM Properties, LLC,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse 111. North Hill Street Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* 21STCV37002 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David W. Quinto, 3007 Franklin Canyon Drive, Beverly Hills CA 90210, 213-604-1777

| DATE: 10/21/2021 *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | M. Mariano | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/5/2021

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

# HARTFORD

# EXHIBIT B

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of this form when finished.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br><br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels (vertical):
- Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont d.)
- Employment
- Contract
- Real Property
- Unlawful Detainer
- Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br><br>2.<br><br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 3 of 4

| SHORT TITLE:<br>RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>3017 FRANKLIN CANYON DR<br>BEVERLY HILLS CA 90210 |
|---|---|
| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90210 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>10/06/21</u>          .

/s/ David Quinto

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| Print This Form | To protect your privacy, please press the Clear This Form button after you have printed this form. | Clear This Form |
|---|---|---|

Case 2:21-cv-09456-PA-GJS Document 3 Filed 12/06/21 Page 14 of 68 Page ID #:22
Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Gibson, Deputy Clerk
21STCV37002

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David W. Quinto (CA 106232) 3007 Franklin Canyon Dr. Beverly Hills, CA 90210 | |

TELEPHONE NO.: 213-604-1777   FAX NO.:
ATTORNEY FOR *(Name)*: RIFM Properties, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

CASE NAME:
RIFM Properties v. Hartford Financial Services Group, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV37002 |
|---|---|---|
| [✓] Unlimited   [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [✓] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/05/21
David W. Quinto
(TYPE OR PRINT NAME)                                  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   CIVIL CASE COVER SHEET   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                      Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                         www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV37002

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

1  DAVID W. QUINTO (State Bar No. 106232)
2  3007 Franklin Canyon Dr.
   Beverly Hills, CA 90210
3  (213) 604-1777

4  DavidWQuinto@gmail.com
5  Attorney for Plaintiff RIFM Properties, LLC

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9      **COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE**

10

| | |
|---|---|
| RIFM Properties, LLC, | Case No. 21STCV37002 |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| | (1) BREACH OF CONTRACT, |
| HARTFORD FINANCIAL SERVICES | (2) BREACH OF THE IMPLIED |
| GROUP, INC.; BENVENISTE & | COVENANT OF GOOD |
| FRANCKE INSURANCE SERVICES; | FAITH AND FAIR DEALING |
| DANIEL FRANCKE, a/k/a DAN | (3) TORTIOUS BREACH OF THE |
| FRANCKE, AN INDIVIDUAL; | IMPLIED COVENANT OF |
| AND DOES 1-5, | GOOD FAITH AND FAIR |
| | DEALING (INSURANCE BAD |
| Defendant. | FAITH) |
| | |
| | **DEMAND FOR JURY TRIAL** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

# I.

## NATURE OF THIS ACTION

1. At all times relevant hereto, plaintiff RIFM Properties, LLC ("RIFM") was an insured of defendant Hartford Financial Services Group, Inc. acting under the rubric "Navigators Insurance" pursuant to a certificate of liability insurance issued by defendants Benveniste & Francke Insurance Services and Daniel Francke on June 1, 2018, naming Michael Tsvilik/RIFM as an additional insured on a comprehensive general liability ("CGL") policy. The CGL policy, no. SF18CGL244IC, was an occurrence policy issued to US Home Pros DBA Cal Retrofit ("US Home Pros") on March 27, 2018.

2. RIFM was named as an additional insured when it contracted with US Home Pros to perform earthquake retrofit work on property owned by RIFM located at 1138-1140 N. Cahuenga Blvd. in Los Angeles. When RIFM negotiated the earthquake retrofit contract with US Home Pros, RIFM demanded, and US Home Pros agreed, that US Home Pros' boilerplate contractual provision requiring parties that engaged its services to assume liability for claims arising from those services would not apply and that US Home Pros would instead add RIFM as an additional insured to its CGL policy.

3. Together with US Home Pros, RIFM was named as a defendant in a suit brought by Vanui Isakhanyan alleging that while US Home Pros performed "construction" (earthquake retrofitting) at 1138-1140 Cahuenga Boulevard, Los Angeles, CA 90038 (owned by RIFM), where it "operated, controlled, maintained, equipped the construction materials, equipment and debris" there when she "slipped and fell on a substance believed to be construction dust/debris," causing her to sustain injuries.

4. Notwithstanding that Benveniste & Francke Insurance Services and Benjamin Francke, acting as the agents of Hartford Financial Services Group, Inc., issued the certificate of liability insurance naming Michael Tsvilik/RIFM as an additional insured under US Home Pros' CGL policy issued by Hartford Financial Services Group, Inc. under the rubric "Navigators Insurance," Hartford Financial Services Group, Inc. has denied that

1    RIFM is, in fact, an additional insured, refused to defend RIFM, refused to indemnify

2    RIFM, and denied that it earlier agreed to pay 60 percent of any loss.

3                                              **II.**

4                                          **PARTIES**

5         5.      Plaintiff RIFM Properties, LLC ("RIFM") is, and at all times relevant hereto

6    was, a California limited liability company having its principal place of business in Los

7    Angeles, California.  Its managing member is Michael Tsvilik.

8         6.      Defendant Hartford Financial Services Group, Inc. ("Hartford") is a

9    Delaware Corporation having its principal place of business in Hartford, Connecticut.

10        7.      Defendant Benveniste & Francke Insurance Services ("B&F") is, upon

11   information and belief, a partnership and has its principal place of business in Los Angeles,

12   California.

13        8.      Defendant Daniel Francke, also known as Dan Francke ("Francke"), is an

14   individual who resides in Los Angeles, California.

15        9.      Defendants Does 1-5, inclusive, whether individual, corporate, alter ego,

16   partnership, joint-venture, associate or otherwise are presently unknown to RIFM, which

17   therefore sues these defendants by fictitious names.  RIFM will seek leave of court to

18   amend this complaint to allege their true names and capacities when they are ascertained.

19        10.     Defendants Does 1-5, inclusive, acted in the capacity of principal, agent,

20   master, servant, employer, employee, independent contractor, joint venture, partnership, or

21   otherwise, and acted under the control of and at the direction of each other defendant. Each

22   defendant, as a principal, is vicariously liable for the negligent and/or willful conduct of

23   each defendant acting as an agent within the course and scope of such agency.  Each

24   defendant when acting as a principal was negligent, careless, or reckless in the selection,

25   hiring, training, management, supervision, and entrustment of all other defendants, and

26   ratified and approved of the unauthorized conduct of each defendant after it occurred, by

27   conduct, inference, or otherwise.

28

3

COMPLAINT

### III.

### JURISDICTION AND VENUE

11.     Jurisdiction is proper in that this action concerns the negligent breach of an insurance policy issued, delivered, and to be performed in Los Angeles County.

12.     Venue in the Los Angeles County Superior Court is proper as it is Los Angeles County in which the insurance policy at issue was delivered and was required to be performed, and in that it is the county in which the occurrences and events giving rise to RIFM's injury occurred.

### IV.

### FACTS COMMON TO ALL CLAIMS

13.     In May 2018, RIFM, managed by Michael Tsvilik, contracted with US Home Pros to perform earthquake retrofit services on an apartment building owned by RIFM and located at 1138-1140 Cahuenga Blvd., Los Angeles, California

14.     During the parties' contract negotiation, US Home Pros asked RIFM to agree to its standard form contract but RIFM objected to the boilerplate provision that would have required it to obtain insurance for claims arising out of US Home Pros' work. US Home Pros then agreed to waive that requirement and instead add RIFM as an additional insured to its CGL occurrence policy issued March 27, 2018.

15.     On June 1, 2018, Defendants Francke and B&F issued a Certificate of Liability Insurance under US Home Pros' CGL policy naming Michael Tsvilik and RIFM as additional insureds and providing coverage of $1,000,000 per claim.  A true and correct copy of that certificate is attached as Exhibit A.

16.     On July 14, 2020, a resident of the building in which US Home Pros performed the earthquake retrofit services brought a suit in the Los Angeles Superior Court captioned *Vanui Isakhanyan vs. US Home Pros, Inc. DBA Cal Retrofit; RIFM Properties, LLC, and Does 1 to 100*, No, 20STCV26415 ("*Isakhanyan*") alleging claims for premises

4

COMPLAINT

1    liability and general liability.  The plaintiff alleged that she was injured when she slipped

2    on dust and debris created by US Home Pros.

3         17.     On March 2, 2021, Mr. Tsvilik, acting on behalf of RIFM, wrote to B&F

4    and "Navigators Insurance Company" pointing out that RIFM was named as an additional

5    insured on US Home Pros' CGL policy and that RIFM's attorney had previously tendered

6    the claim to "Navigators Insurance Company."  Mr. Tsvilik demanded that it "defend,

7    indemnify and hold me and my company harmless in the lawsuit," but Hartford, doing

8    business as Navigators Insurance, refused to do so.  A true and correct copy of Mr.

9    Tsvilik's letter is attached as Exhibit B.

10        18.     On August 4, 2021, an attorney for RIFM wrote to Navigators Insurance

11    and to Hartford to put Hartford on notice that unless it acknowledged coverage and agreed

12    to defend and indemnify RIFM, RIFM would sue it for insurance bad faith.  A true and

13    correct copy of that letter is attached as Exhibit C.

14        19.     By letter dated August 13, 2021, Ashley R. Sauvé, Hartford's Assistant

15    General Counsel, responded that "RIFM Properties, LLC does not qualify as an additional

16    insured" under US Home Pros' CGL policy and again refused to defend and indemnify

17    RIFM.  A true and correct copy of Ms. Sauvé's letter is attached as Exhibit D.

18                     **FIRST CAUSE OF ACTION**

19                      **(Breach of Contract)**

20                    **(Against All Defendants)**

21        20.     RIFM incorporates herein by reference paragraphs 1-19, above, as though

22    fully set forth at length.

23        21.     RIFM was entitled to benefits under the Certificate of Liability Insurance

24    issued by B&F and Francke acting as agents for Hartford.

25        22.     RIFM fully and completely performed its duties and obligations under its

26    contract with US Home Pros and the Certificate of Liability Insurance.

27

28        23.     Defendants, and each of them, owed duties and obligations to RIFM,

including the duties to ensure that RIFM would be indemnified and held harmless to the limit of US Home Pros' CGL policy in the event of a lawsuit arising out of US Home Pros' performance of its contract with RIFM.  Upon information and belief, Francke and B&F breached their obligation to notify Hartford of the issuance of the Certificate of Liability Insurance, but whether or not they did so, Hartford was obligated to defend and indemnify RIFM from the claims asserted against it in *Isakhanyan*.

24.    Defendants breached their obligations to defend and hold RIFM harmless in *Isakhanyan*.

25.    As a direct and proximate result of defendants' conduct and material breach of their contractual obligations, RIFM has suffered damages in an amount to be determined at trial, plus statutory interest, and other foreseeable and incidental damages according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**(Against All Defendants)**

26.    RIFM incorporates herein by reference paragraphs 1-19 and 21-25, above, as though fully set forth at length.

27.    A covenant of good faith and fair dealing is implied in every insurance contract, including the Certificate of Liability Insurance issued to RIFM.

28.    Implied in RIFM's Certificate of Liability Insurance was a covenant that required Hartford to deal fairly with RIFM by defending and indemnifying it to the policy limit of $1,000,000 per occurrence.

29.    Defendants have breached the implied covenant of good faith and fair dealing by denying wrongfully that RIFM is an additional insured and by disclaiming any obligation to defend and indemnify RIFM from the claims asserted in *Isakhanyan*.

30.    As a direct and proximate result of defendants' conduct and material

6

COMPLAINT

breaches of the covenant of good faith and fair dealing, RIFM has suffered damages in an amount to be determined according to proof at trial, plus statutory interest, and other foreseeable and incidental damages according to proof at trial.

### THIRD CAUSE OF ACTION

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (Insurance Bad Faith)

### (Against Hartford and Does 1-5)

31.     RIFM incorporates herein by reference paragraphs 1-19, 21-25, and 27-30, above, as though fully set forth at length.

32.     RIFM was entitled to benefits, including a defense and indemnification in *Isakhanyan,* under its Certificate of Liability Insurance.

33.     In committing the acts and omissions alleged above and by withholding benefits, Hartford and Does 1-5.

34.     Hartford and Does 1-5, acting with full knowledge or reckless disregard of RIFM's rights, failed and refused to defend and indemnify RIFM under it Certificate of Liability Insurance.

35.     The conduct of Hartford and Does 1-5 was undertaken with a conscious disregard of RIFM's rights and constitutes despicable conduct engaged in with oppression, fraud, or malice thereby entitling RIFM to recover punitive damages in an amount appropriate to punish defendants and deter similar conduct by others.

### DEMAND FOR JURY TRIAL

36.     RIFM hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, RIFM prays for judgment against defendants, and each of them, as follows:

1. For general damages for breach of contract and breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

2. For incidental damages for breach of contract in an amount to be determined at trial.

3. For special damages for breach of the implied covenant of good faith and fair dealing pursuant to *California Civil Code § 3333*.

4. For punitive and exemplary damages according to proof.

5. For pre-judgment interest.

6. For attorney's fees, costs, and such other and further relief as the Court may deem just and proper.

Dated:  October 6, 2021

/s/ David W. Quinto

_____

David W. Quinto
Attorney for Plaintiff RIFM
Properties, LLC

8

COMPLAINT

# EXHIBIT A

**ACORD**

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
06/01/2018

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Dan Francke |
|---|---|
| Benvenista & Francke Insurance Services | PHONE (A/C, No, Ext): 818-654-5707   FAX (A/C, No): 818-654-5708 |
| 16034 1/2 Ventura Blvd | E-MAIL ADDRESS: franckeinsurance@gmail.com |
| Encino, CA 91316 | |

| | | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|---|
| | | INSURER A : Navigators Insurance | |
| **INSURED** | | INSURER B : State Compensation Insurance Fund | |
| U S Home Pros | | INSURER C : | |
| DBA Cal Retrofit | | INSURER D : | |
| 6800 Canby Ave #108 | | INSURER E : | |
| Reseda, CA 91335 | | INSURER F : | |

**COVERAGES**   **CERTIFICATE NUMBER:**   **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ 1,000,000 |
| | [X] COMMERCIAL GENERAL LIABILITY | [X] | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 50,000 |
| | CLAIMS-MADE [X] OCCUR | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | SF18CGL2441C | 03/27/2018 | 03/27/2019 | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | [X] POLICY [ ] PRO-JECT [ ] LOC | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS      SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS      NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB    OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB    CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED [ ] RETENTION $ | | | | | | | $ |
| B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N | | | | | | [X] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [Y] (Mandatory in NH) | N / A | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Location: 1138-1140 N. Cahuenga Blvd, Los Angeles CA 90038

Additional Insured: Michael Tevlik/ RIFM Family, LLC

| **CERTIFICATE HOLDER** | **CANCELLATION** |
|---|---|
| Michael Tevlik/ RIFM Family, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)

The ACORD name and logo are registered marks of ACORD



# EXHIBIT B

MICHAEL TSVILIK
P.O.BOX 16525
BEVERLY HILLS,CA 90209-2525

March 2, 2021

Benveniste & Francke Insurance Services
18034 ½ Ventura Blvd.
Encino, CA 91316

Navigators Insurance Company
C/O Vivian Imperial
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:    Lawsuit: Vanui Isakhanyan v. US Home Pros, Inc.
       Insurance Company: Navigators Insurance Company
       Policy: SF18CGL2441C

Dear Navigators Insurance Company's Representative:

In regard to the above-referenced insurance policy, Certificate of Insurance attached, I, Michael Tsvilik and my company, RIFM Properties, LLC, are named as additional insured on the general liability policy issued to U.S. Home Pros, DBA Cal Retrofit, a contractor, who conducted work on my real property located at 1138-1140 N. Cahuenga Blvd., Los Angeles, CA 90038.

My company, RIFM Properties, LLC, has been named as a defendant in a lawsuit entitled <u>Vanui Isakhanyan v. US Home Pros, Inc., DBA Cal Retorfit; RIFM Properties</u>, filed in the California Superior Court, County of Los Angeles, Case No. 20STCV26415. Copy attached. I understand you are providing a defense in that lawsuit on behalf of US Home Pros, Inc., DBA Cal Retorfit and are well aware of the lawsuit and its progress. It is current scheduled for trial in January 2022.

As an additional insured on the policy, my attorney has previously tendered the lawsuit to your company, which I understand was not accepted. BE ON NOTICE that I again demand, as an additional insured on the policy, Policy SF18CGL2441C, that you immediately defend, indemnify and hold me and my company harmless in the lawsuit.

If you fail to defend, indemnify and hold me and my company harmless in the lawsuit, I reserve all rights to take appropriate legal action against your company for breach of the insurance agreement, violations of the bad faith insurance laws in California and other remedies provided by law.

Sincerely,

Michael Tsvilik

# EXHIBIT C

# David W. Quinto, Esq.
### 3007 Franklin Canyon Dr.
### Beverly Hills, CA 90210

### DavidWQuinto@gmail.com
### (213) 604-1777
### CA Bar No. 106232

Emily B. Miner, Esq.
General Counsel
Navigators Insurance
1 Penn Plaza, 32d Floor
NY, NY 10119
eminer@navg.com

August 4, 2021

David C. Robinson, Esq.
General Counsel
The Hartford Financial Service Group
690 Asylum Ave.
Hartford, CT 06155
David.Robinson@thehartford.com

Re: Tortious Breach of Contract (Insurance Bad Faith)
Policy No.: SF18CGL2441C

Dear Ms. Miner and Mr. Robinson:

I have been retained by RIFM Properties, LLC to represent it in an action for tortious breach of contract concerning the Navigators Insurance brand's refusal to defend and indemnify RIFM Properties in *Vanui Isakhanyan v. US Home Pros., Inc. d/b/a Cal Retrofit, et al.*, filed July 14, 2020, in the Los Angeles Superior Court, No. 20ST CV 26416.  The Navigators Insurance brand's claims representative responsible for overseeing the defense of the litigation is Vivian Imperial in the Navigators Insurance brand's office at 818 W. 7th St., Ste. 930, Los Angeles, CA 90017.

RIFM Properties is an additional named insured on US Home Pros.' CGL policy with respect to retrofitting work performed on a multi-unit apartment complex for RIFM Properties.  The plaintiff's complaint arises out of US Home Pros.' Performance of that work.  Paragraph 9 of the complaint alleges that US Home Pros. was "performing construction at the Premises on September 9, 2019," when the plaintiff's alleged injury occurred.  Paragraph 12 alleges that US Home Pros. "operated, controlled, maintained, [and] equipped the construction materials, equipment and debris at the Premises on September 9, 2019."  Paragraph 13 alleges that plaintiff "slipped and fell on a substance believed to be construction dust/debris, causing Plaintiff to sustain injuries."

Navigators Insurance clearly realizes that the claims alleged are covered by the policy purchased by US Home Pros. Navigators Insurance is not only defending US Home Pros. but has also agreed to pay 60% of any loss or settlement incurred by RIFM Properties. It is, however, impermissibly requiring that RIFM Properties look elsewhere for the payment of its costs of defense and has disclaimed any obligation to pay more than 60% of any loss or settlement sustained by RIFM Properties.

Given that the plaintiff's claims are covered by US Home Pros.' policy and further given that RIFM Properties is an additional name insured on that policy, the Navigators Insurance brand is, and has been, legally obligated to do either of the following.

First, it may provide all the benefits of the insurance policy without a reservation of rights. Doing so requires that it (i) reimburse Stratman, Schwartz & Williams-Abrego for the costs and fees it has incurred to defend RIFM Properties, (ii) provide a lawyer to represent RIFM Properties going forward at the Navigators Insurance brand's expense, and (iii) pay any judgment or settlement up to the full policy limits.

Second, it may pay the full cost of defense (including reimbursement of costs and fees already incurred) subject to a reservation of rights. In that event, though, it is required to pay for the services of an attorney chosen by RIFM Properties to defend it. *See Cal. Civ. Code § 2860; San Diego Fed. Credit Union v. Cumis Ins. Soc'y*, 162 Cal. App. 3d 358, 208 Cal. Rptr. 494 (1984).

Please notify me within 10 days which of the two options Navigators Insurance has elected. Should it fail to accept either of its two lawful options, RIFM Properties will pursue a claim for insurance bad faith without further warning. In responding to RIFM Properties' demand to receive the benefits it is entitled to under Navigators Insurance's policy, bear in mind that punitive damages may be awarded when insurance bad faith is proved (*see Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 148 Cal. Rptr. 369, 582 P.2d 980 (1978)) and that the same acts constituting bad faith can also be the basis for an award of punitive damages. *See Fleming v. Safeco Ins. Co.*, 160 Cal. App. 3d 31, 206 Cal. Rptr. 313 (1984).

I await your timely response.

Very truly yours,

David W. Quinto

Cc: Michael Tsvilik/RIFM Properties, LLC (by e-mail)

# EXHIBIT D



**THE
HARTFORD**

Business Insurance
Employee Benefits
Auto
Home

August 13, 2021

**VIA ELECTRONIC MAIL ONLY**

David Quinto
3007 Franklin Canyon Drive
Beverly Hills, CA 90210
DavidWQuinto@gmail.com

    **RE:** *Vanui Isakhanyan v. US Home Pros, Inc. dba Cal Retrofit; RIFM Properties, LLC; et al.*

| | |
|---|---|
| **Insurer:** | Navigators Specialty Insurance Company |
| **Insured:** | US Home Pros, Inc. dba Cal Retrofit |
| **Navigators Policy:** | SF18CGL244244IC (Eff. 03/27/2018 to 03/27/2019) |
| **Claim No.:** | CGL332719 |
| **DOL:** | 09/09/2018 |
| **Loss Location:** | 1138 N. Cahuenga Blvd, Los Angeles, CA |
| **Farmers Claim No.:** | 5009394127-1 |
| **Farmers Insured:** | Michael Tsvilik/RIFM Properties, LLC |

Dear Attorney Quinto,

    I write on behalf of Navigators Specialty Insurance Company ("Navigators") in response to your August 4, 2021 correspondence. Your correspondence did not reference any provisions in the subcontract nor provide any other written contracts requiring US Home to add RIFM Properties, LLC as an additional insured. As stated in Navigators' April 23, 2021 correspondence, and restated below, RIFM Properties, LLC does not qualify as an additional insured under the Navigators Policy and Navigators has no obligation to defend or indemnify RFIM Properties, LLC with regard to the above referenced Lawsuit.[1]

    As an initial matter, your characterization of any prior agreement by Navigators to pay 60% of any loss or settlement incurred by RIFM Properties, LLC is inaccurate. US Home Pros, dba Cal Retrofit ("US Home") and RFIM Properties, LLC were both named defendants in the

---

[1] It is presently our understanding that the above Lawsuit has resolved complete with dismissals for US Home and RFIM.

210106185_1 LAW
© 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published or used without the permission of The Hartford.

above Lawsuit. Navigators has previously disclaimed any obligation to defend or indemnify RFIM Properties, LLC and further reiterates that position herein. Navigators rejects both of RFIM Properties, LLC's proposals in your August 4, 2021 letter as we have not been provided with any documentation reflecting that RFIM is an insured, additional named insured, or additional insured under the Navigators Policy. Navigators disagrees with the other assertions in your correspondence.

As you are aware, your client, RFIM Properties, LLC contracted with US Homes on March 21, 2018 pursuant to a Construction Services Agreement (the "Subcontract"). Pursuant to the Subcontract, US Homes and Michael Tsvilik on behalf of RFIM Properties, LLC contracted for US Homes to perform certain structural remediation related to an existing soft story condition in compliance with Los Angeles City Ordinance 183893 at 1138 Cahuenga Blvd, Los Angeles, California 90046. The Subcontract contained certain terms and conditions detailing the obligations of US Homes and RFIM Properties, LLC with regard to the work. Specifically, the Subcontract contained the following relevant provision:

> ***Insurance and Deposits***: *Owner [RFIM Properties, LLC] shall be responsible for obtaining and paying for insurance against injury and worker's compensation insurance for Owner's own employees and persons present at the Site at Owner's [RFIM Properties, LLC] expense. CalRetrofit [US Homes] will obtain, and/or require its engineering subcontractor to obtain, commercial general liability and professional liability insurance in the amounts of US $1,000,000 per claim and US $2,000,000 in the aggregate. Requirements above normal insurance coverage limits will be invoiced and paid as a reimbursable expense. A Certificate of Insurance and endorsement will be provided prior to the commencement of any work. If the Project and/or Site are destroyed or damaged by disaster, accident or calamity, such as, without limitation, fire, storm, earthquake, flood, landslide, or by theft or vandalism, any expense suffered by Contractor [US Homes] rebuilding or restoring the Work, Project, or the Site shall be paid by the Owner as Additional Work, as defined herein, if, through no fault of contractor.*
>
> .       .        .
>
> ***Contractor Insurance:*** *Contractor [US Homes] carries Worker's Compensation Insurance for Contractor's employees, and general liability insurance as required by law for the protection of Contractor and Owner during progress of the Work. Copies of both Insurance Certificates shall be provided to Owner.*

There are no provisions in the Subcontract requiring that US Home add RFIM Properties, LLC as an additional insured on the Navigators Policy.

As set forth in our April 23, 2021 letter, the Navigators Policy is endorsed with two potentially applicable additional insured endorsements. The first endorsement is the CG 20 37 04 13, which is an additional insured endorsement for damages arising out of completed operations and the second endorsement is the CG 20 38 04 13, which is an additional insured endorsement for damages arising out of ongoing operations.

CG 20 37 04 13 which is included in the Navigators Policy reads in pertinent part as follows:

© 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published or used without the permission of The Hartford.

*THIS ENDORSEMENT CHANGES THIS POLICY. PLEASE READ IT CAREFULLY.*
*ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED*
*OPERATIONS*
*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE*

| Name of Additional Insured Person(s) Or Organization(s) | Locations of Covered Operations |
|---|---|
| Any person or organization to whom the Named Insured has agreed by a written contract that such person or organization be added as an Additional Insured for Operations Coverage, but only as respects "Commercial Construction", and only as respects occurrences subsequent to make of such written contract.<br>As used in this endorsement, "Commercial Construction" means construction other than<br>1) new home construction and 2) condominium or townhouse related work other than remodel of a single unit. | Where specified by written contract, but only as respects "Commercial Construction" |

*Information required to complete this Schedule, if not shown above, will be shown in the declarations.*

A. *Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".*

\*      \*      \*

Additionally, form CG 20 38 04 13 which is included in the Navigators' Policy reads in pertinent part as follows:

*THIS ENDORSEMENT CHANGES THIS POLICY. PLEASE READ IT CAREFULLY.*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT**

© 2021 by The Hartford. Classification: Company Confidential  No part of this document may be reproduced, published or used without the permission of The Hartford.

*This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART*

**A. Section II – Who Is An Insured** *is amended to include as an additional insured:*
    *1.  Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and*
    *2.  Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. above.*

*Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:*
*a.   Your acts or omissions; or*
*b.   The acts or omissions of those acting on your behalf;*

*in the performance of your ongoing operations for the additional insured.*

*However, the insurance afforded to such additional insured described above:*
*a.   Only applies to the extent permitted by law; and*
*b.   Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.*

*A person's or organization's status as an additional insured under this endorsement ends when your operations for the person or organization described in Paragraph 1. above are completed.*

*   *   *

As required by the above referenced additional insured endorsements, an entity shall only qualify as an additional insured to the extent required by written subcontract. The Subcontract does not contain any requirement that RFIM Properties, LLC be named as an additional insured under the Navigators Policy. Your correspondence did not point to any provisions in the Subcontract nor did it provide any other written contracts requiring US Home to add RIFM Properties as an additional insured on the Navigators Policy for the project at issue in the Lawsuit. Therefore, there is no additional insured coverage under the Navigators Policy.

Neither the April 23, 2021 correspondence or this communication are intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to this matter. Navigators reserves all rights under the Policy, including all rights with respect to the Navigators Policy's other coverages. Navigators hereby reserves all its rights, positions, and defenses in this matter. Neither this communication, nor any prior or subsequent communications, should be construed as a waiver of any rights, positions or defenses held by Navigators.

© 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published or used without the permission of The Hartford.

Sincerely,

Ashley R. Sauvé
Assistant General Counsel
The Hartford
One Hartford Plaza
Hartford, CT 06155
Ashley.Sauve@thehartford.com


Cc.

Darlene Gounaud
Specialist Claims
Claims Primary Casualty
Darlene.Gounaud@thehartford.com

© 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published or used without the permission of The Hartford.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/06/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV37002 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Robert B. Broadbelt | 53 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on _10/07/2021_____
(Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of this form when finished.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont d.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>RIFM Properties, LLC v. HARTFORD FINANCIAL SERVICES GROUP | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>3017 FRANKLIN CANYON DR<br>BEVERLY HILLS CA 90210 |
|---|---|
| **CITY:** Beverly Hills | **STATE:** CA    **ZIP CODE:** 90210 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

/s/ David Quinto

Dated: <u>10/06/21</u> .

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| Print This Form | To protect your privacy, please press the Clear This Form button after you have printed this form. | Clear This Form |
|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

General Order Re )
Use of Voluntary Efficient Litigation )
Stipulations )
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                         Carolyn B. Kuhl, Supervising Judge of the

6                                         Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**ORDER PURSUANT TO CCP 1054(a)**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

### THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV37002

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David W. Quinto (CA 106232) 3007 Franklin Canyon Dr. Beverly Hills, CA 90210 | |

TELEPHONE NO.: 213-604-1777   FAX NO.:
ATTORNEY FOR *(Name):* RIFM Properties, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

CASE NAME:
RIFM Properties v. Hartford Financial Services Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **21STCV37002** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/05/21

David W. Quinto
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _Rizalinda Nira_ , Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)    Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)  Pleadings and motions that include points and authorities;

      iv)  Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)  Motions for Summary Judgment/Adjudication; and

      vii)  Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                        ᴷᵉᵛⁱⁿ C. Brazile

11                                                      KEVIN C. BRAZILE

                                                       Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):     FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____        _____
                                                                   JUDICIAL OFFICER

# HARTFORD

# EXHIBIT C

Delaware.gov                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

Department of State: Division of Corporations

<u>Allowable Characters</u>

| HOME | |
|---|---|

Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| <u>File Number:</u> | **2077692** | <u>Incorporation Date /</u><br><u>Formation Date:</u> | **12/9/1985**<br>(mm/dd/yyyy) |
|---|---|---|---|
| <u>Entity Name:</u> | **THE HARTFORD FINANCIAL SERVICES GROUP, INC.** | | |
| <u>Entity Kind:</u> | **Corporation** | <u>Entity Type:</u> | **General** |
| <u>Residency:</u> | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| Name: | **THE CORPORATION TRUST COMPANY** | | |
|---|---|---|---|
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **302-658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]          [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# HARTFORD

# EXHIBIT D

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
06/01/2018

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Dan Francke | | |
|---|---|---|---|
| Benveniste & Francke Insurance Services | PHONE (A/C, No, Ext): 818-654-5707 | | FAX (A/C, No): 818-654-5709 |
| 18034 1/2 Ventura Blvd | E-MAIL ADDRESS: franckeinsurance@gmail.com | | |
| Encino, CA 91316 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Navigators Insurance | | |
| INSURED | INSURER B : State Compensation Insurance Fund | | |
| U S Home Pros | INSURER C : | | |
| DBA Cal Retrofit | INSURER D : | | |
| 6900 Canby Ave #108 | INSURER E : | | |
| Reseda, CA 91335 | INSURER F : | | |

## COVERAGES        CERTIFICATE NUMBER:        REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | ☒ | | SF18CGL244IC | 03/27/2018 | 03/27/2019 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 50,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☒ POLICY ☐ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ Y (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☒ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Location: 1138-1140 N. Cahuenga Blvd, Los Angeles CA 90038

Additional Insured: Michael Tsvilik/ RIFM Family, LLC

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Michael Tsvilik/ RIFM Family, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |



ACORD 25 (2010/05)

© 1988-2010 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

Clear All