JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9456 PA (GJSx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | RIFM Properties, LLC v. Hartford Financial Services Group, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Hartford Financial Services Group, Inc. ("Removing Defendant"). Removing Defendant seeks to remove to this Court the action filed by plaintiff RIFM Properties, LLC ("Plaintiff"), against Removing Defendant and defendants Benveniste & Francke Insurance Services ("B & F Defendant") and Daniel Francke a/k/a Dan Francke, an individual, (collectively, "Broker Defendants"). Removing Defendant asserts that this Court has jurisdiction over the action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9456 PA (GJSx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | RIFM Properties, LLC v. Hartford Financial Services Group, Inc. et al. | | |

Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

In the Notice of Removal, Removing Defendant contends that "Plaintiff is a California LLC, as evidenced by the allegations of its Complaint filed in the State Action." (Notice of Removal at 4.) The "State Action" in turn alleges that: "Plaintiff RIFM Properties, LLC ("RIFM") is, and at all times relevant hereto was, a California limited liability company having its principal place of business in Los Angeles, California. Its managing member is Michael Tsvilik." (Notice of Removal , Exh. B.) According to Defendant: "As such, for purposes of determining diversity, defendant Hartford is a citizen of the State of Delaware, and Plaintiff is a citizen of the State of California." (See id.)

Additionally, Removing Defendant contends that "the residence of the purported broker defendants Benveniste & Francke Insurance Services and Daniel Francke, a/k/a Dan Francke is irrelevant because they have been fraudulently joined as sham defendants." (Notice of Removal at 2.) The Court notes that Removing Defendant does not allege the citizenship of these Broker Defendants.[1] The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will

---

[1] However, the declaration filed in support of the Notice of Removal attached a copy of Plaintiff's complaint which alleges on information and belief that the Broker Defendants are citizens of California. (Docket No. 3)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-9456 PA (GJSx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | RIFM Properties, LLC v. Hartford Financial Services Group, Inc. et al. | | |

actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

At least on this record, this Court cannot conclude that even if Plaintiff's Complaint fails to state a viable claim against the Broker Defendants that Plaintiff would not be afforded leave to amend the Complaint to state a viable claim against them. Removing Defendant asserts that Plaintiff brought a breach of contract action and related claims in state court based on a "subject insurance policy [that] was issued by Navigators Specialty Insurance Company" ("Navigators") to US Home Pros, Inc., and not issued by Removing Defendant. (Notice of Removal at 2-3.) Removing Defendant further asserts that: (1) the Broker Defendants are the insurance brokers for Navigators' insured, Home Pros, and are not brokers for Plaintiff; and (2) that because "Plaintiff is not in privity with Brokers, Plaintiff can never state a valid claim against Brokers and they are therefore sham defendants." (Id.) Removing Defendant relies on a Certificate of Insurance that purportedly "indicates that the Certificate was issued by Benveniste & Francke Insurance Services to Insured US Home Pros, with Plaintiff RIFM listed as only a Certificate Holder." This document along with the declaration and other exhibits filed in support of Notice of Removal do not necessarily define the legal relationships between the parties or resolve whether Plaintiff is unable to assert a claim against the parties under the substantive law. Moreover, Removing Defendant fails to cite to any case law or binding legal authority showing that Plaintiff would not be afforded leave to amend the complaint to cure any purported deficiencies. Removing Defendant has therefore failed to meet its burden to establish that the Broker Defendants are fraudulently joined, and the Court will not ignore Broker Defendants' citizenship for purposes of evaluating whether diversity jurisdiction exists. Because the Court cannot ignore the citizenship of Broker Defendants, the Court concludes that Removing Defendant has not established the diversity citizenship of the parties.

For the foregoing reasons, Removing Defendant has failed to carry its heavy burden of persuasion that Benveniste & Francke Insurance Services and Daniel Francke, a/k/a Dan

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9456 PA (GJSx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | RIFM Properties, LLC v. Hartford Financial Services Group, Inc. et al. | | |

Francke were fraudulently joined in this action. Accordingly, the Court remands this action to Los Angeles County Superior Court of California, Case No. 21STCV37002, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.